ELLIS, Judge.
This is a workmen’s compensation suit, brought by Edward Hinton against Fidelity and Casualty Company of New York, insurer of his employer Theodore Talley, d/b/a Talley Brothers Seed and Feed Store. He alleges an injury to the middle finger of his left hand, and claims to be totally and permanently disabled as a result thereof. After trial on the merits, judgment was rendered dismissing plaintiff’s suit, and he has appealed.
Plaintiff testified that he struck and injured the middle finger of his left hand on April 4, 1961, while in the course and scope of his employment with defendant’s insured, tie further testified he saw a doctor the next day, who put a splint on the finger, which remained in place for about three weeks. During that three weeks, he testified that he was unable to work. He said he was unable to use the finger for six months or a year thereafter.
Dr. William Fisher, whose deposition is in the record, saw plaintiff on April 27, 1961. When his testimony was taken on October 31, 1969, he had no independent recollection of plaintiff’s case. The reports which he rendered to plaintiff’s counsel in 1961 were offered in evidence and objected to by defendant. They should have been excluded from evidence and not considered by the court.
However, counsel for defendant cross examined Dr. Fisher on the reports and elicited testimony to the effect that on April 27, 1961, the joint of the finger was swollen and there was a loss of 30 degrees motion. Dr. Fisher felt he had suffered an acute sprain, but did not feel that the injury would interfere with his performing his usual work. On August 22, 1961, he found no disability at all in the finger, except for an enlargement of the joint.
Other evidence in the record shows conclusively that plaintiff went to work as a laborer for Seal Construction Company on April 5, 1961, the day after the accident. He did heavy work with a pick and shovel. His employer testified there was nothing wrong with his work, and said he would not have hired him had there been anything wrong with his finger.
The record also shows that plaintiff was injured while in Seal’s employ, on April 25, 1961, which occasioned his visit to Dr. Fisher.
Considering all of the foregoing, we think it evident that any injury which plaintiff suffered on April 4, 1961, was not disabling. It is not shown that he worked in pain. Since plaintiff’s own testimony *26 about the splint and being unable to work for three weeks is obviously false, we can only conclude, as did the trial judge, that he received no compensable injury to his finger.
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.